IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL L. GAINES,**

                     **Plaintiff,**

                                                      **CIVIL ACTION**
     **vs.**                                                 **No. 01-3405-SAC**

**RUSSELL STENSENG, et al.,**

                      **Defendants.**

### O R D E R

Plaintiff proceeds pro se and in forma pauperis on a supplemented complaint under 42 U.S.C. 1983, seeking relief from the Secretary of the Kansas Department of Correction, a prison disciplinary administrator, and a deputy warden for their alleged violation of state prison regulations and of plaintiff's right to due process in two 2001 prison disciplinary actions. The disciplinary sanction imposed included a total of 75 days in disciplinary segregation and a $55.00 fine.

The district court judge originally assigned to this case dismissed the complaint as stating no claim for relief, finding plaintiff's allegations presented no liberty interest protected by the Due Process Clause where the sanction imposed neither affected the duration of plaintiff's confinement nor subjected plaintiff to conditions atypical and significant from those to be expected during imprisonment. See Sandin v. Conner, 515 U.S. 472 (1995)(due process protections apply only if restriction or deprivation of a prisoner's liberty inevitably affects the

duration of the prisoner's sentence or creates an "atypical and significant hardship" on the prisoner by subjecting him to conditions different from those ordinarily experienced by large numbers of inmates serving their sentences in the customary fashion).

The United States Court of Appeals for the Tenth Circuit agreed that plaintiff's allegations of state law violations stated no claim for relief, but reversed and remanded finding dismissal of plaintiff's due process claim was inappropriate where there was no evidence as to whether the duration of plaintiff's disciplinary sanction subjected plaintiff to conditions that were significant and atypical in relation to ordinary prison life. Gaines v. Stenseng, 292 F.3d 1222 (10th Cir. 2002).

By an order dated September 22, 2003, plaintiff was directed to supplement his complaint to specify how the conditions of disciplinary segregation resulting from plaintiff's March 2001 discipline could be considered significant and atypical for the purpose of establishing a liberty interest protected by the Due Process Clause.[1]  In response, plaintiff filed a Motion to Supplement the Complaint to Specify "Atypical and Significant" Hardship Segregation Claim (Doc. 19), followed by a "Motion for

---

[1]There is no dispute that the disciplinary sanction involved no loss of earned good time, thus a showing of "atypical and significant" conditions is required under Sandin to establish a protected liberty interest for the purpose of establishing a constitutional due process deprivation in the disciplinary proceedings.

2

Ruling" (Doc. 20).  The case was thereafter transferred to the undersigned judge.

Having reviewed the record, the court grants plaintiff's motion to supplement the complaint.  The court is prepared to order defendants to file supplemental material addressing the conditions of plaintiff's disciplinary confinement in comparison to the normal incidents of prison life to be expected during plaintiff's incarceration, but finds additional information is first needed from plaintiff concerning the disciplinary actions at issue.  Even if supplementation of the record by defendants were to sufficiently establish that plaintiff's 75 days of disciplinary confinement satisfied the "atypical and significant" <u>Sandin</u> standard, the court questions whether there is legal merit to plaintiff's due process claim in light of plaintiff's state court action that resulted in expungement of the challenged disciplinary proceedings.[2]

Plaintiff states that prior to seeking relief under 42 U.S.C. 1983 for defendants' alleged violation of plaintiff's rights under the Due Process Clause in the Fourteenth Amendment, he successfully pursued relief in the state court for the alleged violation of state regulations in his two disciplinary proceedings.  The Kansas district court set aside the two

---

[2]The earlier court's disposition of the complaint as not establishing a liberty interest protected by Due Process Clause pursuant to <u>Sandin</u> did not address whether the state court's action cured any deprivation of due process in plaintiff's first disciplinary hearings, and that question was not presented to the Circuit Court for review.

disciplinary adjudications and sanctions, and remanded the matter to the facility for new hearings in each disciplinary action. Plaintiff remains silent on the outcome of those new hearings, and significantly, raises no challenge to the sufficiency of the process afforded in the remanded proceedings. Plaintiff does not allege he was acquitted in either proceeding on remand, or that the sanction imposed was less than the total 75 days of disciplinary confinement plaintiff already served. Absent such an allegation, it appears plaintiff received sufficient due process in the disciplinary proceedings ultimately responsible for the disciplinary sanction imposed and served, and no constitutional injury or undeserved deprivation resulted.[3] *See e.g.* Ragan v. Lynch, 113 F.3d 875 (8th Cir. 1997)(defects in prison disciplinary proceeding were remedied by state court's actions); Young v. Hoffman, 970 F.2d 1154 (2nd Cir. 1992)(no need to decide due process violation because prisoner ultimately afforded due process by administrative reversal and expungement of disciplinary proceeding), *cert. denied*, 510 U.S. 837 (1993); Harper v. Lee, 938 F.2d 104 (8th Cir. 1991)(disallowing evidence in first disciplinary proceeding was remedied by second hearing which allowed the documents and prisoner again found guilty).

---

[3]The facts in this case are distinguishable from due process claims involving cases where the prisoner could not recover time served in disciplinary segregation pursuant to the overturned discipline. *See e.g.*, Traylor v. Denton, 39 F.3d 1193 (10th Cir. 1994)(unpublished opinion)(disciplinary sanction served prior to administrative reversal of *and dismissal of disciplinary charges on rehearing*).

4

*See also*, Hudson v. Ward, 124 Fed.Appx. 599 (10th Cir. 2004)(unpublished opinion)(no due process violation resulted where good time credits were restored), *pet. for cert. filed* (August 3, 2005); In re Hancock, 192 F.3d 1083, 1086 (7th Cir. 1999)(rehearing cured any deprivation of due process suffered in first prison disciplinary hearing). *But see* Patterson v. Coughlin, 761 F.2d 886, 893 (2nd Cir. 1985)(once cause of action for constitutional violation in prison disciplinary proceeding accrues, further state remedial action does not bar relief), *cert. denied*, 474 U.S. 1100 (1986).

Thus to the extent plaintiff seeks redress for error in his initial disciplinary proceedings that was negated and cured by the state court, it appears his claims for declaratory judgment and injunctive relief were rendered moot by that state court action.[4] Accordingly, the court directs plaintiff to show cause why the supplemented complaint should not be dismissed.

IT IS THEREFORE ORDERED that plaintiff's motion to supplement the complaint (Doc. 19) is granted, and that plaintiff's motion for an order (Doc. 20) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to further supplement the complaint to avoid dismissal of complaint.

---

[4]Plaintiff's claim for damages for his "emotional pain and suffering and humiliation" is defeated by 42 U.S.C. 1997e(e), which states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

The clerk's office is to provide plaintiff with copies of the two unpublished opinions cited by the court.

**IT IS SO ORDERED.**

DATED:  This 13th day of September 2005 at Topeka, Kansas.


                             s/ Sam A. Crow
                             SAM A. CROW
                             U.S. Senior District Judge