IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL L. GAINES,**

                    Plaintiff,

                                      CIVIL ACTION
    vs.                                    No. 01-3405-SAC

**RUSSELL STENSENG, et al.,**

                    Defendants.

**O R D E R**

Plaintiff proceeds pro se and in forma pauperis on a supplemented complaint filed under 42 U.S.C. § 1983. He seeks relief from the Secretary of the Kansas Department of Correction, a prison disciplinary administrator, and a deputy warden for their alleged violation of state prison regulations and plaintiff's right to due process in two prison disciplinary actions in March 2001. The disciplinary sanction in those actions resulted in no forfeiture of earned good time, but included a total of 75 days in disciplinary segregation and a $55.00 fine.

When plaintiff initiated this action, he sought a declaratory judgment that defendants had violated state law and his right to due process in the March 2001 disciplinary proceedings. Plaintiff also sought injunctive relief including expungement of his disciplinary convictions, release to general population, restoration of all rights and privileges, and to prevent defendant Stenseng from prosecuting any further prison

disciplinary actions.[1]  This relief, however, was rendered moot by plaintiff's recent release from prison.[2]  *See* <u>Martin v. Sargent</u>, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions); <u>Cox v. Phelps Dodge Corp.</u>, 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine).  *See also* <u>Wirsching v. Colorado</u>, 360 F.3d 1191, 1196 (10th Cir. 2004)(released prisoner's claim for declaratory judgment and injunctive relief is moot where "entry of declaratory judgment in [a prisoner's] favor would amount to nothing more than a declaration that he was wronged")(*quoting* <u>Green v. Branson</u>, 108 F.3d 1296, 1299 (10th Cir. 1997)).

Even if plaintiff's allegations were to be considered, dismissal of this action would still be warranted because no cognizable claim of due process deprivation is presented. *See* 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  A state court judge reversed and remanded plaintiff's March 2001

---

[1] Plaintiff also sought damages for his "emotional pain and suffering and humiliation," and has not modified this request. As stated in a previous order, this claim is defeated by 42 U.S.C. § 1997e(e), which states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

[2] *See* Doc. 23 (plaintiff informs the court of his release).

disciplinary adjudications.[3] Plaintiff was found guilty in the remanded disciplinary proceeding and does not claim a lesser sanction was imposed on rehearing.[4] Accordingly, no viable due process claim remained regarding plaintiff's March 2001 disciplinary proceedings once plaintiff sought and obtained relief in the state courts. *See e.g.* Ragan v. Lynch, 113 F.3d 875 (8th Cir. 1997)(defects in prison disciplinary proceeding were remedied by state court's actions); Young v. Hoffman, 970 F.2d 1154 (2nd Cir. 1992)(no need to decide due process violation because prisoner ultimately afforded due process by administrative reversal and expungement of disciplinary proceeding), *cert. denied*, 510 U.S. 837 (1993); In re Hancock, 192 F.3d 1083, 1086 (7th Cir. 1999)(rehearing cured any deprivation of due process suffered in first prison disciplinary hearing).

Thus to any extent plaintiff's complaint alleging deprivations of due process in his March 2001 disciplinary proceedings was not rendered moot by plaintiff's release from prison, the court finds any such claim should be dismissed as stating no claim for relief.

---

[3]*See* Gaines v. Stenseng, Butler County District Court, Case No. 01-C-181, Journal Entry filed September 28, 2001 (finding plaintiff was denied procedural rights afforded under Kansas prison regulations).

[4]The facts in this case are thus distinguishable from due process claims in cases where the prisoner could not recover time served in disciplinary segregation pursuant to overturned discipline. *See e.g.*, Traylor v. Denton, 39 F.3d 1193 (10th Cir. 1994)(unpublished opinion)(disciplinary sanction served prior to administrative reversal of *and dismissal of disciplinary charges on rehearing*).

3

Additionally, although plaintiff now asserts that he was again denied a fair hearing in the remanded proceeding, and that his requested witnesses were again not made available for examination and cross-examination by counsel substitute, plaintiff identifies no administrative appeal from this disciplinary rehearing, *see* 42 U.S.C. § 1997e(a)(full exhaustion of administrative remedies is required by prisoner seeking relief under § 1983), nor any resort to the state courts for relief. *See also* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 125 S.Ct. 344 (2004); Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(§ 1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).

For these reasons, the court concludes this action should be dismissed.

IT IS THEREFORE ORDERED that the complaint is dismissed and all relief is denied.

**IT IS SO ORDERED.**

DATED:  This 27th day of January 2006 at Topeka, Kansas.

 s/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge